<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WILLIAM E. COFFEY, III,

        Plaintiff,

        v.

WELLS FARGO BANK N.A., et al.,

        Defendants.

Civil Action No. 20-5093 (MAS) (TJB)

**MEMORANDUM OPINION**

<u>SHIPP, District Judge</u>

This matter comes before the Court upon Defendant Wells Fargo Bank N.A.'s ("Defendant") Motion to Dismiss Plaintiff William E. Coffey, III's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Plaintiff opposed (ECF No. 12), and Defendant replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the matter is remanded to the Superior Court of New Jersey, Law Division, Monmouth County and Defendant's Motion to Dismiss is denied as moot.

## I.     BACKGROUND

On March 19, 2020, Plaintiff filed a four-count Complaint against Defendant and unknown individuals and business entities in the Superior Court of New Jersey, Law Division, Monmouth County for negligence, breach of an implied contract, breach of the covenant of good faith and fair dealing, and harassment. (*See generally* Compl., Ex. A. to Notice of Removal, ECF No. 1-1.) Plaintiff alleges that on or about April 21, 2018, he entered Defendant's Belford Branch bank ("Belford Branch") in Middlesex Township, New Jersey and attempted to cash a check for $200.

(*Id.* ¶¶ 2, 4.) According to Plaintiff, despite "the existence of significant funds to cover the check," a Belford Branch representative informed Plaintiff the bank was unable to cash the check and denied the transaction. (*Id.* ¶ 5.) Plaintiff asserts that when he attempted to inform the representative that there were sufficient funds to cash the check, the representative became hostile and caused the Belford Branch manager to eject Plaintiff from the bank. (*Id.* ¶ 6.) According to Plaintiff, this incident caused a "significantly embarrassing disturbance, [and was performed] in full view of fellow customers and other employees of the bank." (*Id.*)

A few days later, Plaintiff asserts he visited the Belford Branch and again attempted "to cash a small check for which there were more than adequate funds to cover." (*Id.* ¶ 7.) According to Plaintiff, he was again ejected from the bank "in full view of fellow customers and other [bank] employees[.]" (*Id.* ¶ 8.) Furthermore, Plaintiff asserts that he was permanently banned from the Belford Branch, "[despite] the fact that he maintains a relationship with [Defendant] in good standing." (*Id.* ¶ 9.)

Defendant removed the action to this Court on April 24, 2020 pursuant to 28 U.S.C. § 1441, asserting diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332.[1] (*See generally* Notice of Removal, ECF No. 1.) Defendant now moves to dismiss Plaintiff's Complaint for failure to state a claim. (ECF No. 5.)

## II.   LEGAL STANDARD

A defendant in a state court civil action may remove the case to federal court if the federal court would have had original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing defendant bears the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed,

---

[1] Plaintiff is a New Jersey resident, (Compl. ¶ 2), and Defendant is a national banking association and citizen of South Dakota, (Notice of Removal ¶ 8, ECF No. 1).

2

and removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Once the matter has been removed, a district court may remand the matter to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Removal statutes are "strictly construed against removal," and all doubts are to be resolved in favor of remand. *Samuel-Bassett*, 357 F.3d at 396.

## III.   DISCUSSION

"[F]ederal courts [must] be vigilant in questioning their subject-matter jurisdiction. Federal jurisdiction is not a game of dodgeball: it is far too important to permit parties to avoid its limitations with evasiveness and circumvention." *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 349 (D.N.J. 2010). Federal courts, therefore, "have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and [may] decide the issue sua sponte . . . in removal cases." *Liberty Mut. Ins. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). When a court raises the issue of its subject matter jurisdiction sua sponte, "and the non-removing party does not assume the burdens of challenging jurisdiction[,]" the removing party "always bears the burden of establishing *by a preponderance* that jurisdiction is appropriate." *Martin*, 709 F. Supp. 2d at 348–49 (emphasis added); *see also Frederico v. Home Depot*, 507 F.3d 188, 198 (3d Cir. 2007).

Here, Defendant fails to establish by a preponderance that the Court has subject matter jurisdiction over the case. In diversity of citizenship cases, "the matter in controversy [must] exceed[] the sum or value of $75,000." 28 U.S.C. § 1332(a). Plaintiff's Complaint is silent as to the amount in controversy, (*see generally* Compl.), and the Court, therefore, "scrutinizes the notice of removal as it would a complaint filed originally in federal court." *Martin*, 709 F. Supp. 2d at 349. In its Notice of Removal, Defendant makes no factual assertions regarding the specific amount in controversy. (*See generally* Notice of Removal.) Rather, Defendant merely alleges that, "*upon information and belief*, Plaintiff seeks damages exceeding $75,000." (Notice of Removal

3

¶¶ 8–11 (emphasis added).) Defendant appears to assert that, (1) because Plaintiff seeks compensatory damages and attorneys' fees and (2) because of the nature of the claims Plaintiff has alleged, the amount in controversy must exceed $75,000. (*Id.* ¶¶ 10–11.) Defendant's conclusory statements, however, are not sufficient to satisfy its jurisdictional burden. *Compare Martin*, 709 F. Supp. 2d at 349–50 (sua sponte remanding because the defendant's "only genuine fact averments . . . relevant to the amount-in-controversy" were assertions that the plaintiff refused to stipulate that recovery would be less than $75,000), *with Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 597 (D.N.J. 2016) (denying motion to remand when the defendants' "objective and factually-grounded estimates," including a detailed damages affidavit, "easily" established the requisite amount in controversy by a preponderance of the evidence); *see also Gable v. Target Corp.*, No. 15-1350, 2015 WL 790548, at *2 (D.N.J. Feb. 24, 2015) ("Here, the amount in controversy is speculative at best, given [the p]laintiff's unspecified injuries and losses. The vague 'injuries' in the [c]omplaint coupled with a refusal to stipulate does not suffice to prove that this court has jurisdiction."). Defendant, accordingly, has failed to establish by a preponderance of the evidence that the Court has subject matter jurisdiction over the instant action.

## IV.    CONCLUSION

For the reasons set forth above, the matter is remanded to the Superior Court of New Jersey, Law Division, Monmouth County and Defendant's Motion to Dismiss is denied as moot. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE